UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTUAN L. MCGHEE,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-872-RLM-MGG

ROBERT E. CARTER, JR., et al.,

    Defendants.

OPINION AND ORDER

Antuan L. McGhee, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. McGhee, who is housed at the Miami Correctional Facility, alleges that on August 19, 2021, there was a fire in the AHU dorm where he and other inmates were left kicking on doors and screaming for help. The fire started at around 4:00 a.m. and lasted until 6:00 a.m. He says the dorm quickly filled up with smoke and he inhaled a lot of smoke. Mr. McGhee asserts he will suffer long term effects as a result of the fire.

Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). A prison official only violates the Eighth Amendment if he is deliberately indifferent to conditions posing a substantial risk of serious harm. *Id.* at 834-835. Deliberate indifference is comparable to criminal recklessness and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. at 837. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010) (quotation marks and citation omitted). Prison officials are not expected to eliminate the possibility of all dangers. McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991).

Mr. McGhee's complaint asserts that Commissioner Robert E. Carter, Jr., and Warden William R. Hyatte are responsible for the actions of their subordinates. A lawsuit against an individual pursuant to § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." Palmer v. Marion Cty., 327 F.3d 588, 594 (7th Cir. 2003). Because the complaint doesn't allege that Commissioner Carter and Warden Hyatte were personally involved in fighting

the fire and can't be held liable simply because they oversee the operation of the prison or supervise correctional officers, Mr. McGhee can't proceed against them.

Mr. McGhee next asserts that his Eighth Amendment rights were violated because he wasn't afforded "basic needs." ECF 1 at 2. For example, he says he wasn't allowed to wash his clothes or clean his cell. *Id.* Mr. McGhee further asserts that from August 10 to November 2, 2021, he had to eat breakfast out of a bag and didn't have access to cups or bowls. *Id.* Mr. McGhee says he is now getting breakfast trays. *Id.*

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. at 834.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided

3

> not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also* Reed v. McBride, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). Because the defendants weren't personally involved in the events giving rise to Mr. McGhee's conditions of confinement claim, they can't be held liable simply because they oversee the operation of the prison. Palmer v. Marion Cty., 327 F.3d at 594; Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). However, even if Mr. McGhee had named the person responsible for the alleged conditions, he has not pled facts which suggest deliberate indifference because "[p]rison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 665 (7th Cir. 2012).

While Mr. McGhee's complaint doesn't state a claim upon which relief can be granted, the court will give him a chance to replead, if after reviewing this order, he believes he can state a claim. Luevano v. WalMart Stores, Inc., 722 F.3d 1014, 1022-1023, 1025 (7th Cir. 2013); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). In any amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible. If Mr. McGee chooses to amend his complaint, the amended complaint should contain only related claims, because "[u]nrelated

4

claims against different defendants belong in different suits . . ..” George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Antuan L. McGhee;

(2) GRANTS Antuan L. McGhee until **March 23, 2022**, to file an amended complaint on that form; and

(3) CAUTIONS Mr. McGhee that if he doesn't respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on February 23, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT